IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | Civil Action No. |
| v. | |
| St. Alexius Medical Center, | Jury Trial Demand |
| Defendant. | |

**COMPLAINT**

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on disability and to provide appropriate relief to Joy Watanuki ("Watanuki"), a qualified individual with a disability, who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"), alleges that Defendant, St. Alexius Medical Center ("SAMC"), violated the ADA by failing to provide Watanuki a reasonable accommodation and by firing her because of her disability.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES AND OTHER PERSONS

3. Plaintiff, the EEOC, is the agency of the United States of America charged with administering, interpreting and enforcing Title I of the ADA, and is expressly authorized to bring this suit by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, SAMC has continuously been doing business in the Northern District of Illinois, and has continuously had at least 15 employees.

5. At all relevant times, SAMC has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, SAMC has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. Charging Party Watanuki was employed by SAMC as a greeter from on or about August 10, 2009 until on or about February 1, 2010. As a result of a traumatic brain injury, Watanuki has a cognitive disability.

## STATEMENT OF CLAIMS

8. More than 30 days before institution of this suit, Watanuki filed a charge with the EEOC alleging that SAMC violated Title I of the ADA.

9. On June 7, 2012, EEOC found reasonable cause to determine that SAMC violated Title I of the ADA by failing to provide Watanuki with a reasonable accommodation and by terminating her because of her disability.

10. On June 7, 2012, the EEOC invited SAMC to engage in informal conciliation efforts to eliminate the practices found unlawful.

11. By letter dated September 12, 2012, EEOC informed SAMC that EEOC was unable to secure from SAMC a conciliation agreement acceptable to the Commission. All conditions precedent to the institution of this suit have been fulfilled.

12. Watanuki suffers from an impairment that substantially limits her in the major life activities of learning and thinking and that substantially limits her major bodily function of brain function and constitutes a "disability" under Section 3 of Title I of the ADA, 42 U.S.C. § 12102.

13. From August 2009 until February 2010, SAMC engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a). Specifically, SAMC refused to consider providing Watanuki with a reasonable accommodation and fired her because of her disability.

14. At all relevant times, Watanuki could perform the essential functions of her job either with or without a reasonable accommodation, thus rendering her a "qualified individual" within the meaning of Section 101(8) of Title I of the ADA, 42 U.S.C. § 12111(8). SAMC fired Watanuki on or about February 1, 2010 despite her ability to perform the essential functions of her job.

15. The effect of the practices complained of in Paragraph 13 above has been to deprive Watanuki of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

16. The unlawful employment practices complained of in Paragraph 13 above were intentional.

17. The unlawful employment practices complained of in Paragraph 13 above were done with malice or with reckless indifference to Watanuki's federally protected rights.

PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining SAMC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order SAMC to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order SAMC to make Watanuki whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order SAMC to make Watanuki whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 10 above, in amounts to be determined at trial.

E. Order SAMC to make Watanuki whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 10 above, including, but not limited to, emotional pain, suffering, inconvenience, and mental anguish, in amounts to be determined at trial.

F. Order SAMC to pay Watanuki punitive damages for its malicious and reckless conduct, as described in Paragraph 10 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the EEOC its costs of this action.

JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Date: September 25, 2012

Respectfully submitted,

P. DAVID. LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, D.C. 20507

/s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney

/s/ Gregory M. Gochanour
Gregory M. Gochanour
Supervisory Trial Attorney

/s/ Laurie S. Elkin
Laurie S. Elkin
Trial Attorney

U.S. Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2000

Chicago, Illinois 60661
(312) 869-8107
laurie.elkin@eeoc.gov