UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) 12 C 7646 |
| Plaintiff, | )<br>) Judge Feinerman |
| vs. | )<br>) |
| ST. ALEXIUS MEDICAL CENTER, | )<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

The United States Equal Employment Opportunity Commission ("EEOC") filed this suit to seek redress on behalf of Joy Watanuki, a former employee of Defendant St. Alexius Medical Center ("SAMC"). The complaint alleges that SAMC violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, by failing to provide Watanuki with reasonable accommodations for her disability and by firing her because of her disability. Doc. 1. SAMC filed an answer and affirmative defenses. Doc. 9. The twelfth affirmative defense alleges: "Plaintiff's disability claim is barred because plaintiff did not make a sincere and reasonable effort to conciliate in good faith." *Id*. at p. 8. The EEOC has moved under Federal Rule of Civil Procedure 12(c) for judgment on that affirmative defense. Doc. 13. The motion is denied.

The ADA incorporates certain provisions from Title VII of the Civil Rights Act of 1964, including 42 U.S.C. § 2000e-5, regarding the procedures the EEOC must follow in handling administrative charges and in filing suits against employers on behalf of claimants. 42 U.S.C. § 12177(a). Section 2000e-5 provides that, before filing suit, the EEOC "shall endeavor to eliminate any … alleged unlawful employment practice by informal methods of conference,

conciliation, and persuasion." 42 U.S.C. § 2000e-5(b); *see EEOC v. Elgin Teachers Ass'n*, 27 F.3d 292, 294 (7th Cir. 1994) ("the EEOC must pursue conciliation"). The statute further provides that "[i]f … the [EEOC] has been unable to secure from the respondent a conciliation agreement acceptable to the [EEOC], the [EEOC] may bring a civil action." 42 U.S.C. § 2000e-5(f)(1). A court may stay or dismiss a suit filed by the EEOC if it finds that the EEOC did not satisfy its pre-suit conciliation obligation. *See EEOC v. CRST Van Expedited Inc.*, 679 F.3d 657, 676-77 (8th Cir. 2012); *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 469 (5th Cir. 2009); *EEOC v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1259 n.1 (11th Cir. 2003); *EEOC v. Sears, Roebuck & Co.*, 650 F.2d 14, 19 (2d Cir. 1981); *EEOC v. Zia Co.*, 582 F.2d 527, 534 (10th Cir. 1978).

The circuits appear to have split on the standard governing a court's inquiry into whether the EEOC has satisfied its conciliation obligation. The Sixth Circuit, among others, has adopted a deferential standard:

> Before bringing suit, the EEOC must make a good faith effort to conciliate the claim. However, once the employer rejects the conciliation attempts, the EEOC is free to file suit under Title VII … The district court should only determine whether the EEOC made an attempt at conciliation. The form and substance of those conciliations is within the discretion of the EEOC as the agency created to administer and enforce our employment discrimination laws and is beyond judicial review.

*EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1102 (6th Cir. 1984); *accord*, *e.g.*, *EEOC v. Radiator Specialty Co.*, 610 F.2d 178, 183 (4th Cir. 1979) ("[t]he law requires … no more than a good faith attempt at conciliation"); *Zia Co.*, 582 F.2d at 533 ("The law declares that the Commission 'shall' seek conciliation; it is inconceivable to us that good faith efforts are not required. At the same time, we agree that a court should not examine the details of the offers and counteroffers between the parties, nor impose its notions of what the agreement should provide"). Other circuits require a more searching inquiry into the EEOC's conciliation efforts. *See Asplundh*

*Tree Expert Co.*, 340 F.3d at 1259 ("To satisfy the statutory requirement of conciliation, the EEOC must (1) outline to the employer the reasonable cause for its belief that Title VII has been violated; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable and flexible manner to the reasonable attitudes of the employer. In evaluating whether the EEOC has adequately fulfilled this statutory requirement, the fundamental question is the reasonableness and responsiveness of the EEOC's conduct under all the circumstances.") (citation and internal quotation marks omitted); *EEOC v. Klingler Elec. Corp.*, 636 F.2d 104, 107 (5th Cir. Unit A Feb. 1981) (same).

The Seventh Circuit has not chosen sides on this split. *See EEOC v. United Rd. Towing, Inc.*, 2012 WL 1830099, at *4 (N.D. Ill. May 11, 2012) ("[t]he Seventh Circuit has not specifically addressed the standard to be used by district courts facing allegations of deficient conciliation"). The EEOC cites *EEOC v. Caterpillar, Inc.*, 409 F.3d 831, 833 (7th Cir. 2005), for the proposition that the Seventh Circuit has declared off-limits any judicial inquiry into the adequacy of the EEOC's pre-suit conciliation efforts. But *Caterpillar* held only that courts may not review the EEOC's determination that there is probable cause to bring suit against an employer. The Seventh Circuit said nothing about conciliation; in fact, it suggested that the EEOC's pre-suit conciliation obligation was "irrelevant" to its decision. *Id*. at 832 ("When a charge of discrimination is filed with the EEOC, the Commission must notify the alleged offender(s), investigate the charge, and if the investigation gives rise to a reasonable belief that the charge is true, may (*with irrelevant qualifications*) sue any of the alleged offenders.") (emphasis added). This court will not read *Caterpillar* as having implicitly disagreed with the consensus, adopted by all circuits to have addressed the issue, that the EEOC's pre-suit conciliation efforts are subject to at least *some* level of judicial review; when the Seventh Circuit

departs from such a consensus, it does so explicitly. *See Turley v. Gaetz*, 625 F.3d 1005, 1012 (7th Cir. 2010). Reading *Caterpillar* in the manner urged by the EEOC would be particularly unwise given that the Seventh Circuit has cited with approval *Keco Industries* and *Zia*, two of the decisions recognizing a court's authority to evaluate the EEOC's conciliation efforts when those efforts (or lack thereof) are challenged by a defendant in an EEOC-initiated employment discrimination suit. *See Elgin Teachers Ass'n*, 27 F.3d at 294.

As for the appropriate standard of judicial review, there is no need to choose sides in this case, at least at this juncture, because the EEOC is not entitled to judgment on SAMC's twelfth affirmative defense even under the more deferential standard adopted in decisions like *Keco Industries*. As noted above, that standard asks whether the EEOC made a "good faith effort to conciliate the claim." *Keco Indus.*, 748 F.2d at 1102. The EEOC contends that ¶¶ 9-11 of SAMC's answer admit facts demonstrating that a good faith effort was made. The EEOC is incorrect. Those paragraphs of SAMC's answer admit these allegations in the complaint:

> 9. On June 7, 2012, EEOC found reasonable cause to determine that SAMC violated Title I of the ADA by failing to provide Watanuki with a reasonable accommodation and by terminating her because of her disability.
>
> 10. On June 7, 2012, the EEOC invited SAMC to engage in informal conciliation efforts to eliminate the practices found unlawful.
>
> 11. By letter dated September 12, 2012, EEOC informed SAMC that EEOC was unable to secure from SAMC a conciliation agreement acceptable to the Commission.

Doc. 9 at p. 4, ¶¶ 9-11. Paragraph 9 speaks only to the EEOC's reasonable cause determination; it does not say anything about the EEOC's conciliation efforts. Paragraph 10 says only that the EEOC invited SAMC to engage in informal conciliation efforts; it does not say that EEOC engaged in those efforts in good faith. And the admitted portion of ¶ 11 says only that the EEOC

informed SAMC that it was unable to secure from SAMC a conciliation agreement acceptable to the EEOC; again, it does not say that EEOC conciliated in good faith.

Because the pleadings do not indisputably establish that the EEOC satisfied its statutory pre-suit conciliation obligation, the EEOC is not entitled to judgment on the pleadings on SAMC's twelfth affirmative defense. This disposition of course does not foreclose the EEOC from seeking later in this suit, including on summary judgment, to establish its compliance with the conciliation obligation imposed by 42 U.S.C. § 2000e-5(b).

December 18, 2012

United States District Judge